UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-20-R

IN RE:

LWD, INC., et al.,                                              CHAPTER 11
                                                                CASE NO. 03-51021
                                                                (Jointly Administered)

                                                                DEBTORS

K & B CAPITAL, LLC                                              APPELLANT

v.

UNITED STATES OF AMERICA                                        APPELLEE

## MEMORANDUM OPINION

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. K&B Capital, LLC ("K&B") appeals the bankruptcy court's order denying its Motion for Contempt (Docket #4). Appellee, the United States of America filed a brief in response (Docket #5). No reply brief was filed. This matter is now ripe for adjudication.

## BACKGROUND

This case arises from the bankruptcies of several related companies: LWD, Inc.; LWD Field Services, Inc.; LWD Land Company, Inc.; LWD Equipment, Inc.; LWD Trucking, Inc.; LWD Sanitary Landfill, Inc. (collectively "LWD, Inc."); and General Environmental Services, LLC ("GES"). Prior to filing for bankruptcy, most of LWD, Inc.'s assets were seized by Bank One, a creditor. K&B then purchased Bank One and began loaning large amounts of money to

LWD, Inc. to avoid bankruptcy. Robert Kattula ("Kattula") is a principal of K&B.

In June 2003, several creditors filed an involuntary Chapter 7 bankruptcy petition against LWD, Inc. The proceedings were later converted to voluntary proceedings under Chapter 11. At that time, GES voluntarily began bankruptcy proceedings, which were joined with the LWD, Inc. proceedings.

On January 27, 2004, the bankruptcy court ordered the Debtors to sell substantially all their assets pursuant to 11 U.S.C. § 363. At an auction held on March 9, 2004, K&B successfully bid for the Debtors' assets. The bankruptcy court then held a hearing regarding the sale. On March 23, 2004, the bankruptcy court issued an order (the "Final Sale Order") authorizing the sale of the property.

While these proceedings were ongoing, GES failed to pay its employer federal withholding and social security taxes, also known as trust fund taxes, in violation of 26 U.S.C. §§ 3102, 3402. Upon discovering the default, the United States moved to compel payment and dismiss the bankruptcy proceedings, citing bad faith by the Debtors. The bankruptcy court denied the motion, but agreed that the United States was entitled to an administrative claim for the unpaid post-petition taxes.

Prior and subsequent investigations conducted by the United States, through its agency, the Internal Revenue Service, revealed that LWD, Inc. also owed unpaid trust fund taxes for the first, second and third quarters of 2003 and the second quarter of 2004 in violation of 26 U.S.C. §§ 3102, 3402 . In total, LWD, Inc.'s unpaid taxes amounted to $914,868. The United States personally assessed Robert Kattula for the trust fund taxes owed pursuant to 26 U.S.C. § 6672. Kattula contested the assessment and sought an administrative appeal. The agency denied his

appeal in April 2006.

Kattula then moved the bankruptcy court to enter an order of contempt against the United States, arguing that the bankruptcy court's Final Sale Order permanently enjoined the United States from pursuing an action against him under 26 U.S.C. § 6672.  Following an evidentiary hearing limited to questions of law,[1] the bankruptcy court determined that Kattula had failed to show by clear and convincing evidence that the United States had violated the Final Sale Order. Kattula now appeals the bankruptcy court's December 21, 2007 Order, arguing that the bankruptcy court erred in not holding the United States in contempt.

## STANDARD

A district court reviews a bankruptcy court's decision regarding a motion for contempt under an abuse of discretion standard.  *Thomasville Furniture Indus., Inc. v. Elder-Beerman Stores, Corp.*, 250 B.R. 609, 619 (S.D. Ohio 1998) (citing *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 721 (6th Cir. 1996)).  An abuse of discretion is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment."  *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607-08 (6th Cir. 2000) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999)).  The bankruptcy court makes initial determinations of fact and law, and then the district court, acting as an appellate court, reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.  *In re Baker & Getty Financial Services, Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997).  The district court

---

[1] The bankruptcy court bifurcated the motion and held a hearing at which only the legal issues were argued.  Because the bankruptcy court resolved the legal issues in favor of the United States as a matter of law, the court found that there was no need to consider the remaining factual issues.  *See In re LWD, Inc.*, 2007 WL 5137790 *n.3 (Bankr. W.D. Ky. 2007).

3

does not consider "how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 608 (6th Cir. 2000).

## DISCUSSION

For the United States to be held in contempt, Kattula must prove by clear and convincing evidence that the United States violated the bankruptcy court's Final Sale Order. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). The evidence must show (1) that the United States violated a "definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order" and (2) that the prior order was "clear and unambiguous." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citing *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir.1991)). Ambiguities in the Final Sale Order are to be resolved in favor of the United States. *Id.* at 551. Once a prima facie case showing a violation has been made, the burden of production shifts to the United States to show ability to comply. *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 645-646 (1988).

Kattula contends that two provisions of the Final Sale Order, paragraphs K and 4, enjoin the United States from assessing taxes against him. Paragraph K provides:

> The debtors may sell the Property free and clear of all liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), security interests, easements, encumbrances and claims (as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, pledges, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, rights of first refusal, contracts, offsets, recoupment, rights of recovery, judgments, orders, claims for reimbursement, contribution, indemnity or exoneration, and decrees of any Court or foreign or domestic governmental entity, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities and claims, to the

> fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims") because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All (I) holders of Liens and Claims and (ii) all parties who did not object to the Auction are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

Paragraph 4 provides:

> Upon consummation of the sale of the Non-Incinerator Property and the sale of the Incinerator Property, respectively, all parties and/or entities asserting Liens and Claims against the Non-Incinerator Property or the Incinerator Property, as the case may be, shall be permanently enjoined and precluded from: (I) pursuing such Liens and Claims against such property; (ii) asserting, commencing or continuing in any manner any action against K & B or PADS, as the case may be, or any of its subsidiaries or affiliates, directors, officers, agents, representatives or employees, or any lender to or investor in the foregoing entities (collectively, the "Protected Parties") or against any Protected Party's assets or properties on account of such Liens and Claims; (iii) the enforcement, attachment, collection or recovery, by any manner or means, or any judgment, award or decree of order against the Protected Parties or any assets or properties of the Protected Parties on account of such Liens and Claims; (iv) creating, perfecting or enforcing any encumbrance of any kind against the Protected Parties or any properties or assets of the Protected Parties on account of such Liens and Claims; (v) asserting any set off, right of subrogation or recoupment of any kind against any obligations due to the Protected Parties on account of such Liens and Claims; and (vi) any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order.

These two provisions define the "Liens and Claims" upon which a creditor may not take action "on account of such Liens and Claims."

Kattula's argument rests on the meaning of the term "on account of." Kattula argues that the § 6672 action brought by the United States is enjoined under the terms of the Final Sale Order because it is "on account of" the unpaid trust fund taxes owed by LWD, Inc. Kattula does

not argue that the § 6672 action is itself one of the "Liens and Claims" to be enjoined under paragraph K; rather, Kattula argues that the § 6672 action is "on account of" the unpaid trust fund taxes that are a tax lien within the meaning of paragraph K. Kattula further argues that the terms of the Final Sale Order are clear and unambiguous, with the meaning of "on account of" encompassing the taxes assessed against Kattula because of the trust fund taxes owed by LWD, Inc. In response, the United States argues that Kattula is a nondebtor whose liability does not fall within the parameters of the Final Sale Order.

An action brought under 26 U.S.C. § 6672 imposes personal liability on corporate officers and employees responsible for effectuating the collection and payment of trust fund taxes who wilfully fail to do so. *Slodov v. United States*, 436 U.S. 238, 244 (1978). Section 6672(a) states: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . ." Liability under § 6672 is a penalty that attaches when two requirements are met. *Gephart v. United States*, 818 F.2d 469, 473 (6th Cir. 1987). First, the officer or employee must be a "responsible person" under the statute, and second, he must "willfully" fail to pay over to the government the amount due. *Id.* (citing *McGlothin v. United States*, 720 F.2d 6, 8 (6th Cir.1983)).

The personal liability imposed under § 6672 is "distinct from and not in substitution of the liability owed by the employer." *Howard v. United States*, 771 F.2d 729, 733 (5th Cir.

1983); *see also Datlof v. United States*, 370 F.2d 655 (3d Cir. 1966), *cert. denied*, 87 S.Ct. 1688, 387 U.S. 906; *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir. 1986); *Hochstein v. United States*, 900 F.2d 543 (2d Cir. 1990); *Bradshaw v. United States*, 83 F.3d 1175 (10th Cir. 1995). "[T]he IRS need not pursue collection from the employer prior to assessing a responsible person under 6672." *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1549 (11th Cir. 1986) (citing *Datlof v. United States*, 370 F.2d 655, 656 (3d Cir. 1966)). Because the United States need not pursue collection from LWD, Inc. in order to impose a penalty on Kattula, the assessment against Kattula cannot be "on account of" the unpaid trust fund taxes of LWD, Inc.

The purpose of 26 U.S.C. § 6672 is "to protect the government against losses by providing it with another source from which to collect the withheld taxes." *Gephart*, 818 F.2d at 473. In this instance, Kattula is another source that the United States can independently assess as a responsible person for the unpaid trust fund taxes of LWD, Inc. The fact that the United States is also a holder of Liens and Claims against LWD, Inc. does not impact the ability of the United States to pursue its penalty against Kattula.

Furthermore, the bankruptcy court has no jurisdiction over the separate liabilities of nondebtors. In *Wolverine Radio Company v. Michigan Employment Security Commission*, the Sixth Circuit adopted the Third Circuit's conclusion that a bankruptcy court's jurisdiction over a case involving a nondebtor is to be determined solely by 28 U.S.C. § 1334(b). 930 F.2d 1132, 1140 (6th Cir. 1991) (citing *Quattrone Accountants v. Internal Revenue Service*, 895 F.2d 921, 926 (3d Cir. 1990)). A nondebtor's motion in opposition of a tax penalty is a proceeding that

falls within the jurisdiction of § 1334(b).[2]

"[F]or purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* at 1141. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*." *Id.* (citing *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original; citations omitted)). Kattula's tax liability under § 6672 is separate and distinct from LWD, Inc.'s employment tax liability under §§ 3102, 3402. Entering a motion for contempt will have no effect on the LWD, Inc. bankruptcy proceeding because the United States' assessment against Kattula is not "on account of the Liens and Claims" of the Final Sale Order. Other courts have similarly found that a bankruptcy court's jurisdiction does not extend to the separate liabilities of nondebtors under 26 U.S.C. § 6672. *See, e.g., Huckabee Auto Co.*, 783 F.2d at 1549.

Kattula suggests that should the Court find that the bankruptcy court has no jurisdiction in this matter, then he, in conjunction with K&B, will seek to vacate the Final Sale Order in its entirety. This is certainly a course of action open to Kattula, the merits of which the Court expresses no opinion. However, as the Court has explained, doing so will have no impact on the United States' ability to personally assess a tax penalty against him pursuant to 26 U.S.C. § 6672.

For the foregoing reasons, the Court finds that no err was committed by the bankruptcy

---

[2]Section 1334(b) provides, in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

court when it held that Kattula failed to show by clear and convincing evidence that the United States violated the Final Sale Order.  The Court reaches this conclusion for two reasons. One, the tax assessment against Kattula is not "on account of the Liens and Claims" of the Final Sale Order.  Two, the bankruptcy court lacked the jurisdiction necessary to enter the order.

The United States also raises the defense that an order of contempt enjoining the United States from tax collection would violate the Anti-Injunction Act, 23 U.S.C. § 7421.  This defense was not addressed in the bankruptcy court's order because the court found that the United States was not in violation of the Final Sale Order.  Likewise, the Court need not consider whether the Anti-Injunction Act precludes Kattula's contempt motion because the Court finds that Kattula's motion fails as a matter of law.

## CONCLUSION

For the above reasons, the Court **AFFIRMS** the bankruptcy court's December 21, 2007 Order.

An appropriate order shall follow.